IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CANDACE WONG,
Administrator of the Estate of Ripson
Eduardo Wong
        Plaintiff,

v.

LARRY K. SMITH, et al.,

        Defendants.

Case No. 23-01098-JWB

## MEMORANDUM AND ORDER

This matter is before the court on Defendants Tri-Rotor Ag Services, Inc., and Tri-Rotor, LLC's motion to dismiss for lack of personal jurisdiction. (Doc. 21.)[1] The motion is fully briefed and ripe for review. (Docs. 63, 68.) The court GRANTS the motion as to Tri-Rotor Ag Services, Inc., but DENIES the motion as to Tri-Rotor, LLC, for the reasons stated herein. Furthermore, the court DENIES AS MOOT the motion to seal (Doc. 67) and STRIKES the provisionally sealed exhibits (Doc. 64) from the record.

**I.    Background**

Ripson Wong died from injuries he sustained in a helicopter crash while spraying crops in Kansas in May 2021. (Doc. 19 ¶ 3.) Plaintiff Candace Wong, the decedent's wife, is a resident of North Carolina and the administrator of the estate. (*See id.* ¶¶ 1, 6.) Defendant Tri-Rotor Ag Services, Inc. ("Ag Services") is an Arizona business registered to do business in Arizona that has its principal place of business in Arizona. (Doc. 21-6 ¶ 3.) Ag Services does not perform any services and owns personal and real property in Arizona. (*Id.* ¶ 4.) Tri-Rotor, LLC is a limited

---

[1] The other Defendants on the original motion have been dismissed pursuant to a stipulation by the parties. (Doc. 54.) Defendants Larry K. Smith and Tri-Rotor Spray & Chemical, Inc. are not parties to the motion.

liability company, and its only member is Ag Services. (Doc. 21-7 ¶ 3.) Tri-Rotor, LLC has at times leased the helicopter flown by decedent from its owner, Kansas corporation Defendant Tri-Rotor Spray and Chemical, Inc. ("Spray"), for use in Arizona and perhaps California. (*See id.* ¶ 7.) Tri-Rotor, LLC performed maintenance and inspections on the helicopter outside Kansas. (*Id.* ¶ 7.) Plaintiff alleges the helicopter accident was caused by improper maintenance of the helicopter. (*See* Doc. 19 ¶ 183.) Plaintiff sues for wrongful death seeking actual and punitive damages. Ag Services and Tri-Rotor, LLC (collectively the "Arizona Defendants") move to dismiss this action for lack of personal jurisdiction. (Doc. 21.)

**II.     Standard**

"To establish personal jurisdiction over a defendant, a plaintiff must satisfy both the state long-arm statute and constitutional due process." *Mantz v. Rapid Res., Inc.*, No. 2:21-cv-02484-HLT-ADM, 2022 WL 17716838, at *2 (D. Kan. Sept. 14, 2022) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)). The Kansas long-arm statute allows jurisdiction to the fullest extent permitted by constitutional due process, so courts can proceed straight to the constitutional issue. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citing *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994)).

A plaintiff need only make a prima facie showing of personal jurisdiction when a district court decides a Rule 12(b)(2) motion without a hearing. *Id.* at 1091. "[T]he plaintiff may defeat a motion to dismiss by presenting evidence—either uncontested allegations in its complaint or evidence in the form of an affidavit or declaration—'that if true would support jurisdiction over the defendant.'" *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 965 (10th Cir. 2022) (citation omitted).

2

**III.     Analysis**

As a preliminary matter, Arizona Defendants argue that the court should disregard Plaintiff's exhibits H–M because Plaintiff violated Rule 45 by failing to provide them notice of the Bank of the Plains subpoena. (Doc. 68 at 1–2.)  Arizona Defendants claim they had no opportunity to file a motion to quash the subpoena, and the court should therefore not consider the records and should impose any sanctions it deems appropriate. (*Id.* at 2.)

"If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).  Therefore, Rule 45 requires notice prior to service of a subpoena. *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003).

Here, there is no notice of service on file for the Bank of the Plains subpoena.  Therefore, the court finds that Plaintiff violated Rule 45 and that the documents from the Bank of the Plains should be stricken from the record.  The court does not consider exhibits H–M in deciding the motion to dismiss.  The motion to seal (Doc. 67) is denied as moot.

The court will analyze personal jurisdiction over each Arizona Defendant separately, starting with specific jurisdiction.

**A.  Personal Jurisdiction Over Tri-Rotor, LLC**

There are two types of personal jurisdiction: specific and general. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).  For a state to have specific personal jurisdiction over a defendant, the defendant must first have purposefully availed itself of the forum state. *Id.* at 359.  Stated another way, the defendant must intentionally reach out to the state, such as by exploiting a market or making a contract centered in the forum state. *Id.*  Second, the lawsuit

3

in question must "arise out of or relate to the defendant's contacts" with the forum state. *Id.* (citation omitted). Once those two elements are met, the court may exercise jurisdiction so long as it ultimately comports with "fair play and substantial justice." *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1227 (10th Cir. 2021) (citation omitted).

Here, Tri Rotor, LLC argues that it has never conducted business in Kansas, and while it has leased aircraft from Kansas (from Spray), and performed maintenance on the aircraft in its possession, this always occurred in Arizona or California. (Doc. 21 at 6.) Plaintiff counters, however, by noting that Tri-Rotor LLC also, *inter alia*, (1) is reimbursed for aircraft parts and labor from Kansas, (2) leased the specific helicopter flown by decedent before it was returned to Kansas in 2021, and (3) pays large amounts to Spray, including one check for $1.45 million, for aircraft rental. (*See* Doc. 63 at 6–7 (citing Doc. 63-4 at 8, 11–12; Doc. 63-7 at 5; Doc. 63-9).)

Tri-Rotor, LLC has purposefully availed itself of Kansas. It has conducted substantial amounts of business with a Kansas company, Spray. It thus has a pattern of leasing aircraft from Kansas year after year and paying a Kansas company a lot of money to do so. Additionally, the current lawsuit either arises out of or is related to Tri-Rotor, LLC's leasing of aircraft from Kansas. The helicopter flown by decedent was previously leased to Tri-Rotor, LLC, and Tri-Rotor, LLC performed maintenance on the helicopter before the helicopter was returned to Kansas. And this lawsuit stems from alleged improper maintenance of the subject helicopter.

Tri-Rotor, LLC argues that there is no "but-for" conduct by Tri-Rotor, LLC to cause the helicopter accident because after the helicopter was leased to Tri-Rotor, LLC, it was leased to Tri-Rotor Crop Services, LLC ("Crop"), and Crop was responsible for maintaining the helicopter in Kansas. (Doc. 63 at 5.) But "[n]one of [the Supreme Court's] precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do."

4

*Ford Motor*, 592 U.S. at 362. The Supreme Court held that Ford Motor was subject to personal jurisdiction in Minnesota and Montana for vehicle accidents therein, even though the vehicles were not sold in Minnesota or Montana. *Id.* at 365–67. Here, Tri-Rotor, LLC maintained the very helicopter that crashed in this case. That another entity may ultimately be liable for improper helicopter maintenance is beside the point at this juncture. Plaintiff has established a prima facie case—there are sufficient minimum contacts between Kansas and Tri-Rotor, LLC to exercise personal jurisdiction.

The court thus ultimately examines whether exercising jurisdiction over Tri-Rotor, LLC is fair. "Instances where an otherwise valid exercise of personal jurisdiction would be constitutionally unfair are 'rare.'" *Hood*, 21 F.4th at 1227 (citation omitted). The Tenth Circuit analyzes the following factors on this point:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Id.* (citation omitted). A defendant that purposefully directs activities at the forum state must present a "compelling case" to defeat personal jurisdiction. *Id.* (citation omitted).

Tri-Rotor, LLC has not shown it would be a heavy burden to defend a lawsuit in Kansas. Rather, the evidence shows that Tri-Rotor, LLC has been in frequent contact with Kansas. Tri-Rotor seems to argue that Arizona is a more convenient forum, (Doc. 21 at 11), but this factor does not weigh heavily against personal jurisdiction in Kansas. Neither party makes a thorough argument as to Kansas's interests in this case under the second factor—the decedent was not a resident of Kansas. The parties do not address whether Kansas law applies to this case, although Plaintiff cites to Kansas law in her amended complaint. (Doc. 19 at 40–42.) But "a state may also

have an interest in adjudicating a dispute between two non-residents where the defendant's conduct affects forum residents." *OMI Holdings*, 149 F.3d at 1096.  Thus, this factor doesn't support a compelling case against jurisdiction either.  Plaintiff admits that the third factor does not weigh in favor of jurisdiction because she can receive effective relief both here and in Arizona.  Nevertheless, it appears that Kansas is the most efficient forum and would not unduly influence the social policy of other states under the final factors because the accident occurred here.  Much of the evidence and many witnesses will likely be in Kansas.  Thus, there is no compelling case against personal jurisdiction.  The motion to dismiss is denied as to Tri-Rotor, LLC.  The court need not address Plaintiff's alternative personal jurisdiction arguments as to Tri-Rotor, LLC.

### B.  Personal Jurisdiction Over Ag Services

Under the above standard, however, the case for specific personal jurisdiction over Ag Services is much weaker.  Plaintiff points primarily to the following contacts Ag Services has with Kansas: Ag Services' Director, President, and Secretary is Smith, a resident of Kansas (Doc. 63 at 4 (citing Doc. 63-2 at 3)); Ag Services utilizes a Kansas accounting firm (Doc. 63 at 8 (citing Doc. 63-4 at 14)); Ag Services is insured under Spray's Kansas worker's compensation and employer's liability insurance policy (*id.* (citing Doc. 27-3)); and Ag Services' annual meetings are held in Ulysses, Kansas.  (*id.* (citing Doc. 63-8 at 2–3.))  But even assuming these would be sufficient minimum contacts for personal jurisdiction, Plaintiff fails to connect Ag Services' Kansas contacts to the facts underlying this suit except to argue that Ag Services is the parent company of Tri-Rotor, LLC.  (Doc. 63 at 13.)  But a "holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) (citation omitted).  Perhaps recognizing this, Plaintiff now argues extensively that personal jurisdiction is

appropriate because Smith, a Kansas resident, is the alter ego of Arizona Defendants. (Doc. 63 at 14–19.)

Plaintiff claims this theory is based off evidence discovered after she amended her complaint. (*Id.* at 14.) But Plaintiff has not sought leave of this court to further amend her complaint to allege new facts to support such a theory of jurisdiction. Plaintiff's amended complaint is the operative pleading. *C.f. Billings v. Manorcare of Wichita, KS LLC*, No. CV 21-2295-KHV, 2021 WL 5888584, at *8 n.5 (D. Kan. Dec. 13, 2021) (declining to evaluate an alter ego personal jurisdiction theory when the plaintiff did not assert it and the factual basis in the complaint did not establish it); *see also Renne v. Soldier Creek Wind LLC*, No. 21-4032-HLT-ADM, 2023 WL 4864981, at *4 (D. Kan. July 31, 2023) (denying leave to file a third amended complaint because the proposed complaint failed to establish, *inter alia*, alter ego liability); *Greco v. Subgallagher Inv. Tr.*, No. 220CV00610JNPCMR, 2021 WL 5579279, at *3 (D. Utah Nov. 29, 2021) (noting that to adequately plead alter ego in liability context, a plaintiff must allege facts supporting the theory). The court thus holds that Plaintiff fails to allege sufficient facts in a proper form to support such a jurisdictional theory.

Even if Plaintiff had properly pleaded the facts she now alleges, she fails to show alter ego jurisdiction is appropriate with regard to Ag Services. Alter ego theory (or piercing the corporate veil) is often discussed in the liability context, "but Kansas courts consistently apply the concept to the personal-jurisdiction inquiry as well." *Digital Ally, Inc. v. Culp McAuley, Inc.*, No. 2:22-CV-2203-HLT, 2023 WL 7299144, at *4 (D. Kan. July 7, 2023). The presumption of corporate separateness in Kansas "is only overcome with proof of two elements: (1) 'allowing the legal fiction of a separate corporate structure would result in an injustice toward the plaintiff' and (2) in consideration of ten factors (the *Doughty* factors), a subsidiary is an alter ego of its parent." *Cyprus*

7

*Amax Mins. Co. v. TCI Pac. Commc'ns*, 28 F.4th 996, 1007 (10th Cir. 2022) (citing *Doughty v. CSX Transp., Inc.*, 258 Kan. 493, P.2d 106, 111 (1995)).  "[C]orporate veils exist for a reason and should be pierced only reluctantly and cautiously.  The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities." *Cyprus*, 28 F.4th at 1007 (citation omitted) (alteration in original).

Here, while Plaintiff offers extensive commentary on the ten *Doughty* factors, she fails to explain how she would face injustice without piercing the corporate veil in this case or why the injustice requirement should not apply in the jurisdiction context.  *Cf. Luc v. Krause Werk GMBH & Co.*, 289 F. Supp. 2d 1282, 1290 (D. Kan. 2003) ("Krause, Inc. is now insolvent, and Plaintiff could suffer injustice if not allowed to recover from Krause Werk. . . .  All of these facts, taken together, support a determination that Plaintiff has met his burden of establishing a prima facie case of jurisdiction over Krause Werk.")  Plaintiff fails to show that the alter ego theory of jurisdiction applies here.

Finally, Plaintiff argues (with a single paragraph of analysis mostly focused on Tri-Rotor) that general jurisdiction is appropriate because (in addition to her other allegations) Sirus Keith, who is the general manager for Ag Services (and Tri-Rotor), talks frequently with Smith and Crop Office Manager Aimee Dickey in Kansas.  (*See* Doc. 63 at 14.)

"Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Benton*, 375 F.3d at 1080 (citation omitted).  "Simply because a defendant has a contractual relationship and business dealings with a person or entity in the forum state does not subject him to general jurisdiction there." *Shrader v. Biddinger*, 633 F.3d 1235, 1246–47 (10th Cir. 2011).  Plaintiff provides no

analysis or authority to indicate that frequent telephone calls by a general manager to individuals in a state, along with limited contacts with a forum such as using a Kansas-based accountant, is sufficient for general jurisdiction. The court therefore finds that there is no personal jurisdiction over Ag Services.

## IV. Conclusion

The court therefore GRANTS IN PART Arizona Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 21) and DISMISSES Tri-Rotor Ag Services, Inc. WITHOUT PREJUDICE for lack of personal jurisdiction. The court DENIES the motion with regard to Tri-Rotor, LLC.

The court further orders that the provisionally sealed exhibits (Doc. 64) are STRICKEN from the record for failure to comply with Rule 45, and the motion to seal (Doc. 67) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: March 5, 2024              /s/John W. Broomes
                                  JOHN W. BROOMES
                                  UNITED STATES DISTRICT JUDGE